# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JAMIE AGUIRRE and )
KEVIN DUBOIS, )
                          )
     Plaintiffs, )
                          )
v. )    Case No. CV408-226
                          )
THOMAS AMMONS, Warden; )
CAPTAIN POPE; SERGEANT )
JERKINS; SERGEANT WILLIAMS; )
SERGEANT HERD; and )
MS. OLIVER, Staff; )
                          )
     Defendants. )

## REPORT AND RECOMMENDATION

On November 19, 2008, the Court granted plaintiffs' motion to proceed *in forma pauperis* and ordered each plaintiff to submit Prisoner Trust Fund Account Statement forms and Consent to Collection of Fees from Trust Account forms. (Docs. 3 & 4.) The Court warned plaintiffs that their failure to return those forms by December 19, 2008 would result in a recommendation that their case be dismissed. Plaintiff Aguirre returned the forms but Dubois did not. Since Dubois has not returned the required

forms, his case should be **DISMISSED** for failing to comply with an order of this Court.[1]

Aguirre has submitted a motion requesting leave of the Court to file an amended complaint. (Doc. 7.) The motion was filed before the complaint was answered. Accordingly, the amendment does not require court approval. Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading.") As leave to amend is unnecessary, Aguirre's motion seeking leave to amend is moot. He may file his amended complaint within 10 days.

**SO REPORTED AND RECOMMENDED** this  14th  day of January, 2009.

/s/ G.R. Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that it erred initially in allowing both prisoner-plaintiffs to proceed together under a single case number. The Prison Litigation Reform Act ("PLRA") requires prisoners proceeding *in forma pauperis* to pay the entire filing fee in installments collected by prison officials and forwarded to the Clerk when (and if) funds are deposited in their inmate accounts. 28 U.S.C. § 1915(b)(1). The Eleventh Circuit has held that the PLRA requires that *each* prisoner proceeding IFP pay the full filing fee, thus precluding multiple prisoner plaintiffs from joining their similar claims in one action and dividing the single mandatory filing fee among them. Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001). The PLRA, therefore, trumps the joinder provisions of the Federal Rules of Civil Procedure. Id. Because Dubois has failed to retain the required forms, he has apparently decided not to pursue any claims against the defendants. Accordingly, it is unnecessary for the Court to sever his case and require that he file a separate complaint and pay a separate filing fee.

2