# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMIE AGUIRRE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV408-226 |
| THOMAS AMMONS, *Warden*; CAPTAIN POPE; SERGEANT JERKINS; SERGEANT WILLIAMS; SERGEANT HERD; and MS. OLIVER, Staff; | ) ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Inmate Jamie Aguirre filed this 42 U.S.C. § 1983 action alleging he and his roommate at Coastal State Prison were brutally assaulted by CERT (Correctional Emergency Response Team) officers for failing to say "good morning" to Warden Ammons during an inspection.[1] Doc. 1 at 5-6.

Even if Aguirre has stated a colorable claim for relief (a matter the Court does not now decide), it is plain from the face of the complaint that he has failed to exhaust his prison administrative remedies, as required by

---

[1] Aguirre's roommate and co-plaintiff, Kevin Dubois, was dismissed from the case on February 2, 2009. Doc. 11.

the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Aguirre filed both an informal and formal grievance following the alleged October 1, 2008 assault, but he admits that the formal grievance was still under consideration when he filed his complaint and that he had not appealed his grievance to the highest level possible. Doc. 1 at 3-4. Aguirre explains that he had been "denied the grievance procedure on other issues," but he acknowledged that he had been permitted to "file an informal and formal grievance on this issue." *Id.* at 4. He became impatient when he had not heard anything back by October 24, 2008, so he decided to file this case and to "pursue this federal complaint to the 'highest courts' if necessary." *Id.* at 3.

Under § 1997e(a), a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted"). This requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or

inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285–86 (11th Cir. 1999) (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)), *vacated*, 197 F.3d 1059, *reinstated in part*, 216 F.3d 970, 972 (11th Cir. 2000). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007)[2]; *see also Porter v. Nussle*, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

The PLRA, for that matter, "requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). Proper exhaustion requires an inmate to "us[e] all steps" in the administrative process and to

---

[2] It is true that prisoners are not required to plead and prove exhaustion to survive early screening under § 1997e. *Jones*, 549 U.S. at 216. Nothing in *Jones*, however, forbids the Court from dismissing a complaint pursuant to § 1997e(a) if it is clear from the face of the complaint that the prisoner has not exhausted all administrative remedies available to him. *Id.* at 215-16; *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007) ("[W]here . . . an affirmative defense appears on the face of a prisoner's complaint . . . the PLRA continues to require a district court to dismiss the complaint."); *Sanks v. Willams*, 2007 WL 3254368 at *2 (S.D. Ga. Nov. 2, 2007) (unpublished) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the *sua sponte* dismissal of the complaint where it is clear on its face that the prisoner has not exhausted his administrative remedies); *Soler v. Bureau of Prisons*, 2007 WL 496472 at *2 (N.D. Fla. Feb. 12, 2007) (unpublished) (same); *Colston v. Cramer*, 2007 WL 1655413 at *2 (E.D. Mich. Jun. 07, 2007) (unpublished) (same); *Ghosh v. McClure*, 2007 WL 400648 at *5-6 (S.D. Tex. Jan. 31, 2007) (unpublished) (same); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (dicta).

comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. *Id.* at 89-91 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Id.* at 83-84; *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). And if a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, then he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

Consequently, it matters not if exhaustion is imminent in this case. *See Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (federal courts are powerless to forgive the exhaustion requirement

in the interest of "efficient litigation management," even if the prisoner exhausts his available remedies shortly after the suit is filed); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (although plaintiff's administrative remedies were exhausted two days after his complaint was filed, § 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a section 1983 suit, rather than while the action is pending"); *see also McNeil v. United States*, 508 U.S. 106 (1993) (a Federal Tort Claims Act suit may not be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation). Because Aguirre admits that he has yet to exhaust all available administrative remedies, his complaint should be **DISMISSED** without prejudice. Moreover, the Court perceives no non-frivolous issues to raise on appeal, so an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  11th  day of March, 2009.

/s/ W. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA